IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| STEVEN C. DERK, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CV-00657-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| SUPER. MICHAEL J. ZAKEN, SCI-GREENE; DEP. SUPER. STEPHEN BUZAS, SCI-GREENE; CO.1 D.N. HYDE, SCI GREENE; SGT./LT. LARRY BOWLIN, SCI GREENE; U.M. STEVEN LONGSTRETH, SCI GREENE;  CPT. HITMYER,  CPT. MORRIS,  SGT. MICHELUCCI, CO.1  HONSAKER, (HEARING EX. ESCORT) - SCI GRN; CO.1  GORDON, (HEARING EX. ESCORT) - SCI GRN; B. RUDNIEZSKI, PA D.O.C. HEARING EX - SCI GRN;  U.M. MALANOSKI, ZACHARY J. MOSLAK, PA D.O.C. CHIEF HEARING EX.; AND MAJOR MARTIN SWITZER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is Plaintiff's motion for recusal (ECF No. 95) in which Plaintiff seeks disqualification of the undersigned because her Memorandum Opinion dismissing Plaintiff's action was a "clear attempt" to "protect the 'image' of the Pennsylvania Department of Corrections" and because the main Defendant in the case is a woman and the undersigned is also a woman. (ECF No. 95 at 1-4).

Under 28 U.S.C. § 455, a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).  The test for recusal under § 455(a) is an objective one and requires recusal where a "reasonable person, with knowledge of

1

all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under either subsection (a) or (b)(1), "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994). *See Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor).

The basis for Plaintiff's allegations stem from his disagreement with the Court's ruling on the motion to dismiss his complaint and/or rulings on various administrative matters. The Court of Appeals for the Third Circuit has made it clear that "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 278 (3d Cir. 2000) (citing *In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999) and *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990). *See Waris v. Heartland Home Healthcare Services, Inc.,* 365 F. App'x 402, 406–07 (3d Cir. 2010). Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." *Conklin v. Warrington Twp.*, 476 F.Supp.2d 458, 462–464 (M.D. Pa. 2007) (citing *In re Antar*, 71 F.3d 97, 101 (3d Cir. 1995), *overruled on other grounds by Smith v. Berg,* 247 F.3d 532, 534 (3d Cir. 2001). Instantly, Plaintiff's allegations have no merit to support recusal. Accordingly, the following Order is entered:

AND NOW, this 4th day of January, 2023, it is HEREBY ORDERED that Plaintiff's motion for recusal (ECF No. 95) is DENIED.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge

cc:     Steven C. Derk
       CE-3076
       SCI FOREST
       P.O. Box 945
       286 Woodland Drive
       Marienville, PA 16239

       All counsel of record via CM/ECF electronic filing